**E-Filed 7/18/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SiVAULT SYSTEMS, INC., a Nevada corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>ALEXANDER GELF, JONATHAN SCHMIDT, and HYPERCOM CORPORATION, a Delaware corporation,<br><br>                Defendants. | Case Number C 06-03841 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT PREJUDICE<br><br>[re: docket no. 43 ] |

    Defendant Hypercom Corporation ("Hypercom") moves to dismiss the First Amended Complaint ("FAC") of Plaintiff SiVault Systems, Inc. ("SiVault"), pursuant to Rule 12(b)(2) and Rule 12(b)(5) of the Federal Rules of Civil Procedure.[2] SiVault did not file opposition to the

---

[1] This disposition is not designated for publication and may not be cited.

[2] Unless otherwise indicated, references to Rules hereinafter will refer to the Federal Rules of Civil Procedure.

motion. For the reasons set forth below, the Court will grant the motion without prejudice pursuant to Rule 12(b)(2). The motion to dismiss pursuant to Rule 12(b)(5) will be terminated as moot.

## I. BACKGROUND

SiVault is a Nevada corporation with its principal place of business in New York. FAC ¶ 1. Defendants Alexander Gelf and Jonathan Schmidt both are former employees of SiVault and citizens of California. *Id.* at ¶¶ 2,3. Hypercom is a Delaware Corporation with its principal place of business in Arizona. *Id.* at ¶ 4. On June 20, 2006, SiVault filed the instant action against Gelf and Schmidt, former employees of SiVault, alleging, among other things, that Gelf and Schmidt were entrusted with property belonging to SiVault and had converted a portion of the property to their own use and had transported a portion to their new employer, Hypercom. Complaint ¶¶ 2, 3, 12, 20, 22, 23, 24. On February 23, 2007 this Court granted SiVault permission to amend its complaint. Subsequently, SiVault amended its complaint to add Hypercom as a party. SiVault sued Hypercom for (a) conversion; (b) intentional interference with contractual relations, prospective advantage intentional interference with contractual relations; and (c) unjust enrichment. SiVault served the FAC on Hypercom on April 3, 2007.

Hypercom filed the instant motion on April 26, 2007. It asserts that dismissal is proper because this Court does not have personal jurisdiction over it, and that service was untimely. SiVault did not oppose the motion. *See* Notice by Hypercom re Motion to Dismiss. The Court heard oral argument on June 29, 2007. Before oral argument, SiVault informed the Court that it had filed for bankruptcy.

## II. LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. "On a motion to dismiss, the court must accept the complaint's allegations as true in their entirety, and must draw all reasonable inferences in favor of the nonmoving party." *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992).

## III. DISCUSSION

When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff

bears the burden of showing that jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). A district court sitting in California may exercise personal jurisdiction over a non-resident defendant if the defendant has "minimum contacts" with California such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). If the nonresident defendant's contacts with California are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in California even if the cause of action is not related to the defendant's activities within the state. *Data Disc*, 557 F.2d at 1287. If the defendant's activities within the state are not so pervasive as to subject it to general jurisdiction, it may be subject to "specific jurisdiction" if the cause of action is directly related to those activities. *Data Disc*, 557 F.2d at 1287. The Ninth Circuit has articulated a three-part test to determine when it is appropriate to exercise specific jurisdiction over a particular defendant: (1) the nonresident defendant has performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction is reasonable. *Id.*

      SiVault does not allege that Hypercom is subject to general jurisdiction in California, i.e. that Hypercom has substantial or systematic contacts with California. Rather, SiVault appears to claim that Hypercom's employment of Gelf and Schmidt gives rise to specific personal jurisdiction. However, all of the allegations in the FAC concerning Hypercom focuses on Hypercom's conduct in Arizona. For example, SiVault alleges in its FAC that Hypercom hired Gelf and Schmidt, but does not allege that Hypercom did so in California. *See* FAC ¶ 21. The FAC further asserts that Hypercom possessed SiVault's hardware and software in Arizona. *Id.* at ¶¶ 25, 27, 30. Hypercom's alleged knowledge that SiVault equipment was improperly brought to its facility in Arizona, *id.* at ¶ 30, is insufficient to establish personal jurisdiction in California. Moreover, SiVault has not opposed Hypercom's motion to dismiss. Because SiVault is the Plaintiff in this action, its bankruptcy filing does not affect the present proceeding. Because the

1  plaintiff bears the burden of establishing personal jurisdiction, the Court concludes that
2  Hypercom's motion is well-taken.  As this Court does not have personal jurisdiction over
3  Hypercom, it need not resolve the question of whether service was timely.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the above-entitled action is DISMISSED without prejudice as to Defendant Hypercom.

DATED: July 18, 2007.

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Thomas Caudill: law.caudill@sbcglobal.net

3  Mark B. Fredkin: mfredkin@mffmlaw.com, mramos@mffmlaw.com; siamas@mffmlaw.com; crogers@mffmlaw.com; dolson@mffmlaw.com; gdent@mffmlaw.com; jlira@mffmlaw.com

4  

5  Robert J. Gibson: hgibson@swlaw.com, cfrench@swlaw.com

6  Edward F. Mitchell: EFMLawSF@juno.com

7  Notice will be delivered by other means to:

8  Thomas G. Amon
   500 Fifth Avenue
9  Suite 1650
   New York, NY 10110
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-03841 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE
(JFEX2)